UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

Elton Johnson, §
 §
         Plaintiff, §
 §
versus § Civil Action H-12-989
 §
BP Exploration and Production, Inc., et al., §
 §
         Defendants. §

# Opinion on Summary Judgment

1. *Introduction.*

An injured seaman claims that by signing a settlement letter from the trust administrator, a binding contract was created, which BP breached by not paying. BP asserts that the lack of a signed release prevented the formation of a contract and any possible contract dispute is between the seaman and the trustee. BP is correct.

2. *Background.*

Elton Johnson claims that he was injured aboard a ship near the *Deepwater Horizon* on April 20, 2010, when an explosion threw him against a bulkhead. Johnson brought a Jones-Act claim against BP that was removed and pooled in the multi-district system. Meanwhile, Johnson also sought to settle his claims through the Gulf Coast Claims Facility.

BP created the facility to act as the trustee of a $20-billion compensation fund. It is responsible for assessing claims and administering settlements to those injured by the oil spill. It follows the private settlement processes described in the Oil Pollution Act, leaving BP no authority to assess, settle, or deny claims. The process limits BP to a single method of dispute–appealing settlement payments greater than $500,000.

The administrator wrote Johnson proposing to pay him $2,698,095 if he accepted the offer amount and released his claims from the incident. Should he accept, it required that

Johnson sign and return the letter, after which it would send the release. Johnson did send the letter.

After receiving the letter, the administrator began to question the validity of Johnson's claims and, after further investigation, withdrew its offer.

Johnson claims that his returning the signed settlement letter created a contract. The contract would oblige the trustee to deliver the release and Johnson to sign it. Johnson argues that, because the missing release is the fault of the trustee, its absence is excused, and the payment is due. Johnson argues that the trustee is an agent of BP and that the duty to pay rests with BP.

BP argues that no contract was formed because the settlement letter clearly indicated that both acceptance of the amount and the release of all legal claims were conditions precedent for payment. Also, the contract lacks consideration since Johnson did not release his claims and the settlement letter does not oblige him to do it. Last, BP contends that the trustee represents an independent entity that contracts and pays settlements—not BP.

Both parties have moved to resolve whether (a) a contract was formed and (b) is BP liable for breaching it.

3. *Acceptance and Consideration.*

No contract was formed. A contract requires an acceptance that objectively demonstrates a commitment to all material terms, including the essential elements to be included in later documents.[1] It must also include adequate consideration from both parties. The parties debate whether (a) the signature on the determination letter constitutes a valid acceptance and (b) the promise to release legal claims is sufficient consideration.

Johnson did not agree to all of the material terms of the settlement. The letter says that the recipient must accept the amount and sign the release before it will pay. Johnson's response agreed to the amount only. The letter represents a negotiation of the first term and seeks confirmation before discussing the second one. Had Johnson chosen to appeal the offer or reject it and file a claim in court, discussion of the scope of release would be unnecessary. Johnson's ignorance of the actual terms prevents his acceptance.

---

[1] Betty Lee Shoes, Inc. V. Karl's Shoe Stores, Ltd., 293 F.2d 429, 432-32 (5th Cir. 1961).

Johnson's acceptance lacks consideration. A contract requires that each party's actions objectively induce the other party to act. Johnson did not sign or promise to sign the release. The letter says only that the release of claims is required for payment, and not that acceptance of the amount obligates Johnson to accept any release presented to him. A promise to release a party is not the same as an actual release. The latter induces the trustee to dispense the settlement amount. The former does not bind Johnson and provides no reason to pay.

4. *Wrong Defendants.*

BP does not belong in this dispute. A trustee incurs liabilities against the trust, and their authority to contract is limited by the obligations imposed by the trustor.

BP Exploration and Production is the sole defendant with which Johnson could have contracted. A government investigation named BP Exploration, BP Corporation North America, and seven other non-BP companies as responsible parties. BP, PLC and BP Products North America were not included in that regulatory list and took no part in the settlements. Of the two remaining, BP Exploration created the fund and its processes, including the facility's autonomy and level of authority. If a contract was formed through the trustee, BP Exploration and Production is the only defendant that could be a party to it.

BP Exploration hired the administrator independently to settle *Deepwater Horizon* claims using the $20 billion fund. All operations, investigations, settlements, and adjustments were delegated to the trustee. BP had no control over the processes or decisions; it could only request that the trustee revisit settlements over a specific threshold.

The trustee negotiated with Johnson, sent the letter to Johnson, and rescinded its offer. If a contract was formed, it would be between Johnson and the trustee—paid from the trust's corpus. BP did not endorse the settlement. The duty to pay lies with the trustee, and, without that obligation, BP cannot be in breach[2].

5. *Conclusion.*

No contract was formed because Johnson's reply ignored a material term of the

---

[2] Slay v. Burnett Trust, 187 S.W.2d 377, 377-78 (1945).

settlement and it was unaccompanied by consideration. BP was not a party to any contract which would have resulted and the trustee had no authority to create liabilities against BP itself. Thus, the duty to pay ends with the administrator and BP is not in breach. Johnson will take nothing from BP Exploration and Production, Inc., BP, PLC, BP Products North America, Inc., and BP Corporation North America, Inc.

Signed on July 19, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge